Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREG SMITH, individually, <br><br> Plaintiff, <br> v. <br><br> CITY OF NORTH LAS VEGAS, a political subdivision of the State of Nevada; Las Vegas METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; FRANCIS SORIANO, individually; DOE OFFICERS I – X, inclusive; and ROE CORPORATIONS <br><br> Defendants.. | Case No.: 2:25-cv-00525-APG-DJA |

## STIPULATION TO FILE SECOND AMENDED COMPLAINT

THE PARTIES HEREBY STIPULATE AND AGREE that Plaintiff may amend the Complaint as set forth in Exhibit 1.

///

///

///

///

///

///

///

- 1 -

Case No.: 2:24-cv-00525-APG-DJA
*Smith v. City of North Las Vegas; LVMPD*

**IT IS SO STIPULATED** between the parties pursuant to Federal Rule of Civil Procedure 15 that Plaintiff GREG SMITH be granted leave to file his Second Amended Complaint attached as Exhibit 1.

Dated this 28th day of August, 2025.

| BENSON ALLRED INJURY LAW | NORTH LAS VEGAS CITY ATTORNEY |
|---|---|
| */s/ Joshua Benson* | /s/ Danielle Holt |
| Joshua L. Benson, Esq. | Andy Moore, Esq. |
| Nevada Bar No. 10514 | Nevada Bar No. 9128 |
| 333 N. Rancho Drive, Suite 420 | Noel E. Eidsmore, Esq. |
| Las Vegas, Nevada 89106 | Nevada Bar No. 7688 |
| *Attorneys for Plaintiff* | Danielle M. Holt, Esq. |
|  | Nevada Bar No. 13152 |
|  | 2250 N. Las Vegas Blvd., Suite 810 |
|  | North Las Vegas, Nevada 89030 |
|  | *Attorneys for Defendants North Las Vegas and its Doe Officers* |

KAEMPFER CROWELL

/s/ Kristopher Kalkowski
Lyssa S. Anderson, Esq.
Nevada Bar No. 5784
Kristopher J. Kalkowski, Esq.
Nevada Bar No. 14892
Travis C. Studdard, Esq.
Nevada Bar No. 16454
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

**IT IS SO ORDERED**.

DATED: 8/29/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREG SMITH, Individually,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF NORTH LAS VEGAS, a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; MICHAEL GLENN, individually; ANTHONY POWELL, individually; WILLIAM KEARNES, individually; ROBERT STEPHENSON, individually; JUAN ESPINOZA, individually; OSCAR MARTINEZ, individually; RONALD QUINTANA, individually; ANGEL VALLADARES, individually; NICHELLE KELLY, individually; GARDDY LUSTIN, individually; BLAIR LUDWIG, individually; DOE OFFICERS I – XX, inclusive; and ROE CORPORATIONS I-V.<br><br>　　　　Defendants. | CASE NO.: 2:25-cv-00525-APG-DJA<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW Plaintiff, GREG SMITH, by and through his attorney, Joshua L. Benson, Esq. of BENSON ALLRED INJURY LAW, for his causes of action against the Defendants, alleges as follows:

**GENERAL ALLEGATIONS**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is appropriate in the District of Nevada pursuant to 28 U.S.C. § 1391 because the Defendants resided in this judicial district and the events and omissions giving rise to the claims alleged here occurred in the District of Nevada.

3.

- 1 -

**PARTIES**

4. Plaintiff GREG SMITH was, and at all times mentioned herein, is a resident of Nevada.

5. Defendant DOE OFFICERS I – XX are corrections officers, police officers, nurses, employees, or other staff employed by the City of North Las Vegas, Las Vegas Metropolitan Police Department, and/or ROE CORPORATIONS I-V. Defendants DOE OFFICERS I – XX were working under color of law and within the course and scope of their employment at all relevant times herein. Defendant DOE OFFICERS I – XX had the responsibility of providing care to Greg Smith while he was detained, supervising Plaintiff, providing medical care to Plaintiff, and were the individuals responsible for placing handcuffs on Plaintiff Greg Smith while he was detained at UMC Hospital. The true names and capacities of the Defendants designated herein as DOE OFFICERS I - XX are presently unknown to Plaintiff at this time, who therefore sues Defendants by such fictitious names. DOE OFFICERS I – XX are officers employed by Defendant CITY OF NORTH LAS VEGAS and/or Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, UMC Hospital, and/or ROE CORPORATIONS I-V. Defendants DOE OFFICERS I - XX were working within the course and scope of their employment at all relevant times herein. Defendants DOE OFFICERS I – XX are also collectively referred to as "Defendant DOE OFFICERS."

6. Defendant ROE CORPORATIONS I-V are businesses or other legal entities that employed DOE OFFICERS or other individuals that watched over Plaintiff while he was incarcerated, at the hospital, and/or employed nurses who were responsible for caring for him. The identity of ROE CORPORATIONS I-V are presently unknown to Plaintiff at this time, who therefore sues Defendants by such fictitious names.

7. Defendant CITY OF NORTH LAS VEGAS is a political subdivision of the State of Nevada and controls and manages the North Las Vegas Correctional Facility.

8. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT is a political subdivision of the State of Nevada.

9. Defendant MICHAEL GLENN was an officer employed by Defendant CITY OF NORTH LAS VEGAS and was acting within the course and scope of his employment.

10. Defendant ANTHONY POWELL was a corrections officer with the CITY OF NORTH LAS VEGAS and was acting within the course and scope of employment at all relevant times. Defendant POWELL was assigned to booking when Plaintiff arrived at North Las Vegas Community Correctional

- 2 -

Center.

11. Defendant WILLIAM KEARNES is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of his employment at all relevant times.

12. Defendant ROBERT STEPHENSON is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of his employment at all relevant times.

13. Defendant JUAN ESPINOZA is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of his employment at all relevant times.

14. Defendant OSCAR MARTINEZ is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of his employment at all relevant times.

15. Defendant RONALD QUINTANA is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of his employment at all relevant times.

16. Defendant ANGEL VALLADARES is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of employment at all relevant times.

17. Defendant NICHELLE KELLY is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of employment at all relevant times.

18. Defendant GARDDY LUSTIN is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of employment at all relevant times.

19. Defendant BLAIR LUDWIG is a corrections officer with the Las Vegas Metropolitan Police Department and was acting within the course and scope of employment at all relevant times.

## FACTUAL ALLEGATIONS

20. On February 21, 2023, Plaintiff GREG SMITH was taken into custody after an incident in his home due, in part, to a medical episode Plaintiff was going through. Plaintiff noticed an injury to his ankle after police removed him from his home.

21. Plaintiff was transported to North Las Vegas Community Correctional Center, owned, managed, staffed, and run by Defendant CITY OF NORTH LAS VEGAS, and located at 2332 Las Vegas Boulevard in North Las Vegas, Clark County, Nevada.

22. While detained by Defendant CITY OF NORTH LAS VEGAS, Plaintiff had a medical condition—a wound to his ankle—that Defendant CITY OF NORTH LAS VEGAS failed to treat and/or care

for.

23. Plaintiff's injury to his ankle was evident, however his injuries to his leg were not addressed, cleaned, nor bandaged.

24. Defendants GLENN and POWELL completed the Officer Pre Medical Screening of Plaintiff SMITH. Defendants GLENN and POWELL conducted the uniform exchange on SMITH and placed him into a suicide smock.

25. At the time of the screening and uniform exchange, Plaintiff Smith had visible wound on his leg and blood on his sock.

26. Defendant GLENN and POWELL denied Plaintiff SMITH necessary medical care for his leg.

27. Instead of receiving treatment, Defendants placed Plaintiff SMITH in a holding cell that had backed up plumbing and had water, sewage, filth, and stagnant water over the floor.

28. Plaintiff was forced to walk through the contaminated water to get a drink, use the sink and toilet in his holding cell for the days he was in custody at the North Las Vegas Community Correctional Center.

29. Plaintiff's physical condition began to deteriorate, suffering a fever and his wounds were growing noticeably infected. Despite Plaintiff's obvious medical distress, Defendant DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS failed to provide necessary medical treatment, such as cleaning and bandaging the wound to prevent infection.

30. On February 24, 2023, Plaintiff was transported to Clark County Detention Center and he was screened by a member of the medical staff.

31. Clark County Detention Center's medical staff immediately determined that Plaintiff needed to be transported to Medical Center ("UMC") due to the infection on his ankle.

32. At UMC, Plaintiff was diagnosed with sepsis and was admitted to the hospital.

33. Plaintiff was treated at UMC from February 24, 2023, through his release on March 2, 2023.

34. While at UMC, Plaintiff was under 24/7 supervision by the following officers and unknown DOE OFFICERS (collectively Defendants LVMPD OFFICERS):

    i. On February 24, 2023, Defendant JUAN ESPINOZA and Defendant ROBERT STEPHENSON monitored, supervised, and controlled Plaintiff and applied the

handcuffs too tight and refused to loosen them.

ii. On February 25, 2023, Defendant WILLIAM KEARNES was in charge of Plaintiff and applied the handcuffs too tight and refused to loosen them.

iii. On February 26, 2023, Defendant OSCAR MARTINEZ monitored, supervised, and controlled Plaintiff and applied the handcuffs too tight and refused to loosen them.

iv. On February 27, 2023, Defendant ANGEL VALLADARES monitored, supervised, and controlled Plaintiff and applied the handcuffs too tight and refused to loosen them.

v. On February 28, 2023, Defendant RONALD QUINTANA and Defendant GARDDY LUSTIN monitored, supervised, and controlled Plaintiff and applied the handcuffs too tight and refused to loosen them.

vi. On March 1, 2023, Defendant BLAIR LUDWIG and Defendant NICHELLE KELLY monitored, supervised, and controlled Plaintiff and applied the handcuffs too tight and refused to loosen them.

35. While at UMC, Defendants LVMPD OFFICERS, and each of them, handcuffed Plaintiff to the bed on his right, dominant hand.

36. Plaintiff was only un-handcuffed when he was accompanied by a Defendant LVMPD Officer to use the toilet under direct supervision.

37. Plaintiff told each of the Defendants LVMPD OFFICERS and/or other DOE OFFICERS that his handcuffs were too tight and that he was having pain and numbness to his right hand and wrist.

38. Plaintiff noted that the Defendants LVMPD OFFICERS would intentionally place the handcuffs on too tight.

39. Plaintiff's requests to have the handcuff slightly loosened to alleviate the right wrist and hand pain were ignored by Defendants LVMPD OFFICERS and DOE OFFICERS.

40. Defendants LVMPD OFFICERS intentionally applied the handcuffs too tight and ignored requests for the handcuffs to be loosened.

41. As a result of being handcuffed while at UMC, Plaintiff suffered serious injury and irreparable damage to his right hand and wrist, specifically damage to the nerves in his right hand and wrist.

42. The Defendants LVMPD OFFICERS and DOE OFFICERS, employed by LVMPD,

unreasonably, unnecessarily, negligently, recklessly and with deliberate indifference to Plaintiff's rights used excessive and unnecessary force and unreasonable restraint against Plaintiff.

43. As a direct and proximate result of the actions of Defendants LVMPD OFFICERS and Defendants DOE OFFICERS, Plaintiff sustained serious injuries, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $75,000.00.

44. As a direct and proximate result of the actions of Defendants CITY OF NORTH LAS VEGAS, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, POWELL, GLENN, Defendants LVMPD OFFICERS, ROE CORPORATIONS and DOE OFFICERS' actions, Plaintiff received medical and other treatment for the injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

45. As a direct and proximate result of the actions of all Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

46. As a direct and proximate result of the actions of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CONSTITUTIONAL RIGHTS—42 U.S.C. § 1983)

47. Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

48. Defendants LVMPD OFFICERS, including ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and Defendants POWELL and GLENN at all times herein, were acting under the color of law because each was an officer and/or employee of Defendants LVMPD, CITY OF NORTH LAS VEGAS and/or ROE CORPORATIONS I-V and were acting pursuant to that authority.

49. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, at all times herein, were acting under the color of law because he was an officer and/or employee of Defendant LVMPD and was acting pursuant to that authority.

50. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, KELLY, POWELL and GLENN's actions violated Plaintiff's right to be free from unreasonable searches and seizures, right to be free from use of excessive force, and right to due process, in violation of the Fourth and Fourteenth Amendments. The Defendants' actions that violated Plaintiff's rights include but are not limited to the following intentional, reckless and/or objectively unreasonable actions:

    a. Defendant ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY actions, while Plaintiff was at UMC, constituted the use of excessive force and unreasonable seizure when Defendants LVMPD OFFICERS placed Plaintiff in handcuffs during his time at UMC Hospital.

    b. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY's actions, while Plaintiff was at UMC Hospital, constituted the use of excessive force and unreasonable seizure when Defendant DOE OFFICERS placed Plaintiff in handcuffs during his time at UMC Hospital.

    c. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and DOE OFFICERS' actions, believed to be officers not affiliated with LVMPD, while Plaintiff was at UMC Hospital, constituted the use of excessive force and unreasonable seizure when Defendant DOE OFFICERS placed Plaintiff in handcuffs during his time at UMC Hospital.

    d. Defendant ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY' actions constituted excessive force when Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY placed the handcuffs on Plaintiff that were too tight, by ignoring or disregarding Plaintiff's complaints of the tight handcuffs, by leaving Plaintiff in handcuffs too long, and disregarding requests that the handcuffs be loosened.

    e. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and LVMPD DOE OFFICERS' actions, constituted excessive force when ESPINOZA, STEPHENSON, KEARNES, MARTINEZ,

VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY , and DOE OFFICERS, employed by LVMPD, placed the handcuffs on Plaintiff that were too tight and by ignoring or disregarding Plaintiff's complaints of the tight handcuffs, by leaving Plaintiff in handcuffs too long, and disregarding requests that the handcuffs be loosened.

 f. Defendants POWELL and GLENN, employed by Defendant CITY OF NORTH LAS VEGAS, violated Plaintiff's rights to be provided necessary medical care by ignoring a medical necessity upon intake. The Plaintiff had an infection that necessitated medical care. Defendant DOE OFFICERS' actions (or inactions) were objectively unreasonable as the action/inaction caused Plaintiff's infection to grow worse and became seriously infected—eventually leading to sepsis.

 g. Defendants POWELL and GLEN, and DOE OFFICERS, employed by Defendant CITY OF NORTH LAS VEGAS, subjected Plaintiff to inhumane and unsanitary living conditions, including but not limited to lack of proper sanitation, inadequate ventilation, and lack of clean ground. These unsanitary living conditions contributed to Plaintiff's infection on his leg.

51. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, Defendants LVMPD DOE OFFICERS, and/or Defendants DOE OFFICERS, knew that using force, prolonged handcuffing, and ignoring complaints of tight handcuffing presented a risk of harm to Plaintiff, but they recklessly disregarded Plaintiff's safety by failing to apply reasonable measures to minimize the risk of harm to Plaintiff and by ignoring Plaintiff's pain complaints.

52. The Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS, knew that the failure to treat Plaintiff's wound on his ankle and inhumane and unsanitary living conditions was objectively unreasonable and the failure to treat the wound caused it to become infected and led to Plaintiff becoming septic.

53. The Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and LVMPD DOE DEFENDANTS, were each integral and full, active participants in the conduct described herein.

54. By virtue of the facts set forth above, Defendant ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants LVMPD DOE

OFFICERS' force and prolonged handcuffing injured Plaintiff's hand and wrist. Defendants are liable for compensatory and punitive damages for deprivation of civil rights to Plaintiff guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the use of excessive force and rights to due process.

55. The Defendants POWELL and GLENN's, and DOE OFFICERS employed by the CITY OF NORTH LAS VEGAS, failure to provide necessary medical care resulted in severe infection and hospitalization, Defendants are liable for compensatory and punitive damages for deprivation of civil rights to Plaintiff guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the use of excessive force and rights to due process.

56. Defendants, and each of them, were reckless and malicious in their actions.

## SECOND CAUSE OF ACTION

### (MUNICIPAL LIABILITY AGAINST DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT—42 U.S.C § 1983)

57. Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

58. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY acted under color of law when acting at all relevant times herein.

59. Defendants DOE OFFICERS employed by Defendant LVMPD acted under color of law when acting at all relevant times herein.

60. The actions of Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants DOE OFFICERS employed by Defendant LVMPD deprived Plaintiff of his rights under the United States Constitution.

61. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and DOE OFFICERS employed by Defendant LVMPD acted or purported to act in performance of their official duties under state, county, municipal law, ordinance, or regulation.

62. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT has final

policymaking authority concerning the acts and/or failure to act of Defendants LVMPD OFFICERS and Defendants DOE OFFICERS employed by Defendant LVMPD.

63. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ratified the actions of Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants DOE OFFICERS employed by Defendant LVMPD, including their improper, excessive and/or unreasonable force when interacting with a Plaintiff, and/or unreasonable search and seizure.

64. That is, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT knew of and specifically made a deliberate choice to approve Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants DOE OFFICERS' acts and the basis for it.

65. Upon information and belief, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT's ratification of the acts and/or omissions of ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and DOE OFFICERS employed by Defendant LVMPD acts and/or omissions, include, but are not limited to:

   a) Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT failed to conduct a prompt and thorough investigation of the events involving Plaintiff's injuries and the conduct of Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and DOE OFFICERS employed by Defendant LVMPD.

   b) Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, upon information and belief, directed, encouraged, allowed, and/or ratified the acts as follows:

      i. To handcuff individuals to hospital beds without valid reason;

      ii. To fail to use appropriate and generally accepted law enforcement procedures by officers supervising individuals in custody and in the hospital;

      iii. To fail to use appropriate and generally accepted law enforcement procedures in requiring use of force reports to be used where an injury occurs;

      iv. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers

     and police department personnel;

  v. To tolerate constitutional violations among officers and failing to adequately discipline those officers for misconduct; and

  vi. To leave individuals in handcuffs for too long.

c) Defendant LVMPD maintained de facto policies and organizational customs and cultures to use handcuffs instead of safer bed restraint to inflict harm and discomfort on those in its custody as a means of punishment.

d) Despite LVMPD policies prohibiting the use of handcuffs when medical circumstances make it unreasonable, LVMPD fails to enforce this policy and had a *de facto* policy permitting handcuffing despite medical circumstances.

e) Defendant LVMPD has a *de facto* policy of using handcuffs as a means of punishment and ignores individuals' requests for handcuffs to be lightened.

f) Moreover, LVMPD maintained de facto policies and organizational customs and cultures to handcuff those in their custody and to give 'street justice' to individuals whom LVMPD officers believed had disrespected their authority.

g) The aforementioned customs, policies, practices, and procedures, were the moving force and/or proximate cause of the deprivation of Plaintiff's clearly-established and well-settled constitutional rights violation of 42 U.S.C. Section 1983.

h) Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT allowed the Defendants DOE OFFICERS employed by Defendant LVMPD and Defendants LVMPD OFFICERS to not follow proper protocol when interacting, moving, housing, transporting and/or handling pre-trial detainees in their custody.

66. Plaintiff alleges, upon information and belief, that it is a policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT to tolerate and ratify the use of violence, excessive and unreasonable force and restraint against Plaintiff. And it is the policy, practice, and/or custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT that directly led to the constitutional violations, including failure to properly screen and provide necessary medical care and to permit handcuffs to be used while Plaintiff was in the hospital.

67. Nevada cases repeatedly evidence a history of Defendant LVMPD improperly using handcuffs that injure citizens.

68. Upon information and belief, that it is the policy, practice, and custom of the Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT to negligently hire, train and supervise its officers, agents, and employees working at or in the CLARK COUNTY DETENTION CENTER.

69. Upon information and belief, the Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants DOE OFFICERS' actions were performed pursuant to Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENTS' policy, custom, and/or practice.

70. That the wrong and unlawful acts perpetrated by Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY and Defendants DOE OFFICERS, and each of them, in intentionally disregarding the constitutional rights of Plaintiff was willful, oppressive, malicious, and with wanton disregard for the established rights of the Plaintiff.

## THIRD CAUSE OF ACTION

**(MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF NORTH LAS VEGAS—42 U.S.C § 1983)**

71. Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

72. Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS acted under color of law when acting at all relevant times herein.

73. The actions of Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS deprived Plaintiff of his rights under the United States Constitution.

74. Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS acted or purported to act in performance of their official duties under state, county, or municipal law, ordinance, or regulation.

75. Defendant CITY OF NORTH LAS VEGAS has final policymaking authority concerning the acts and/or failure to act of Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS.

76. Defendant CITY OF NORTH LAS VEGAS ratified the actions of Defendants POWELL, GLENN, and DOE OFFICERS it employs, including their failure to maintain a sanitary and humane cell and failure to provide adequate medical treatment.

77. That is, Defendant CITY OF NORTH LAS VEGAS knew of and specifically made a deliberate choice to approve the Defendants DOE OFFICERS' acts and the basis for it.

78. Upon information and belief, Defendant CITY OF NORTH LAS VEGAS' ratification of the acts and/or omissions of Defendants POWELL, GLENN, and DOE OFFICERS it employs include, but are not limited to:

a) Defendant CITY OF NORTH LAS VEGAS failed to conduct a prompt and thorough investigation of the events involving Plaintiff's injuries and the conduct of Defendants POWELL, GLENN, and DOE OFFICERS it employs.

b) Defendants CITY OF NORTH LAS VEGAS habitually maintaining filthy cell conditions for all inmates and failing to enact and/or enforce its cleaning policies.

c) Defendant CITY OF NORTH LAS VEGAS, upon information and belief, directed, encouraged, allowed, and/or ratified the acts as follows:

   i. To withhold necessary medical treatment as a means of punishment to individuals.
   ii. To fail to train officers to adequately recognize and adequately respond to serious medical needs, including infections.
   iii. To allow, tolerate, and/or encourage its law enforcement officers and police department personnel to delay necessary medical treatment and/or to respond with minimal care that does not adequately address one's medical needs.
   iv. To tolerate constitutional violations among officers and failing to adequately discipline those officers for misconduct.

d) Defendant CITY OF NORTH LAS VEGAS maintained de facto policies and organizational customs and cultures to delay and provide minimal care that fails to adequately address one's medical needs.

e) The aforementioned customs, policies, practices, and procedures were the moving force and/or proximate cause of the deprivation of Plaintiff's clearly-established and well-settled constitutional

rights violation of 42 U.S.C. Section 1983.

  f)   Defendants CITY OF NORTH LAS VEGAS allowed the Defendants POWELL, GLENN, and DOE OFFICERS employed by it to not follow proper protocol when housing, transporting, caring for, and/or handling pre-trial detainees in their custody.

79.   Defendant CITY OF NORTH LAS VEGAS allowed Defendants POWELL, GLENN, and DOE OFFICERS employed by Defendant CITY OF NORTH LAS VEGAS to allow holding cells to be unsanitary and inhumane.

80.   Plaintiff alleges, upon information and belief, that it is a policy, practice, and/or custom of the Defendants CITY OF NORTH LAS VEGAS to tolerate and ratify the failure to provide adequate medical care and failures to provide humane conditions.

81.   And it is the policy, practice, and/or custom of the Defendant CITY OF NORTH LAS VEGAS that directly led to the constitutional violations, including failure to properly screen and provide necessary medical care.

82.   Upon information and belief, the Defendants POWELL, GLENN, and DOE OFFICERS actions were performed pursuant to Defendants CITY OF NORTH LAS VEGAS' policy, custom, and/or practice.

83.   That the wrong and unlawful acts perpetrated by Defendants POWELL, GLENN, and DOE OFFICERS employed by the Defendant CITY OF NORTH LAS VEGAS, and each of them, in intentionally disregarding the constitutional rights of Plaintiff was willful, oppressive, malicious, and with wanton disregard for the established rights of the Plaintiff.

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE—STATE LAW)

84.   Plaintiff repeats and re-alleges each allegation as set forth in this Complaint with the same force and effect as if fully set forth herein.

85.   Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, KELLY, POWELL, GLENN and DOE OFFICERS' and Defendants CITY OF NORTH LAS VEGAS, LAS VEGAS METROPOLITAN POLICE DEPARTMENT and/or ROE CORPORATIONS I-V, had a duty to use reasonable care when interacting, caring for, moving, transporting

- 14 -

and/or restraining pre-trial detainees in their custody.

86. The Defendants, DOE OFFICERS, and employees working for Defendant CITY OF NORTH LAS VEGAS had a duty to use reasonable care in responding to the medical needs of those in its custody and care, in providing medical care and in providing sanitary living conditions that would not cause infections and harm.

87. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, DOE OFFICERS, and LVMPD employee's actions and Defendants DOE OFFICERS who were in charge of Plaintiff while he was at the hospital had a duty to use reasonable care in applying handcuffs and maintaining handcuffs on the Plaintiff.

88. The Defendant Officers, DOE OFFICER and other individuals employed by Defendant CITY OF NORTH LAS VEGAS breached their duties by (1) failing to provide reasonable and necessary medical attention; (2) failing to respond to medical needs; and (3) subjecting Plaintiff to unsanitary environments.

89. Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and Defendant DOE OFFICERS in charge of Plaintiff at the hospital breached their duties by applying handcuffs too tight and ignoring repeated requests to loosen the handcuffs.

90. As a direct result of Defendants' actions, Plaintiff suffered severe injuries including sepsis and nerve damage in his wrist.

91. The actions and failures of Defendants ESPINOZA, STEPHENSON, KEARNES, MARTINEZ, VALLADARES, GARDDY, LUSTIN, LUDWIG, and KELLY, and DOE OFFICERS' actions and the use of force caused Plaintiff to suffer debilitating, severe, and permanent injuries.

92. Defendants CITY OF NORTH LAS VEGAS, LAS VEGAS METROPOLITAN POLICE DEPARTMENT and/or ROE CORPORATIONS are vicariously liable for the wrongful acts of the Defendants they each employ as outlined above because they were acting under color of law and within the course and scope of their employment with CITY OF NORTH LAS VEGAS, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, and/or ROE CORPORATIONS I-V.

93. Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, pray judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $75,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $75,000.00;
3. For punitive damages;
4. For reasonable attorney's fees and costs;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial in this case.

DATED this 28th day of August, 2025.

BENSON ALLRED INJURY LAW

*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

- 16 -

# CERTIFICATE OF SERVICE

I certify that I am an employee of BENSON ALLRED and on August 28, 2025, the foregoing **SECOND AMENDED COMPLAINT** was electronically filed and served via CM/ECF electronic filing system addressed to the following:

| | |
|---|---|
| Lyssa Anderson, Esq.<br>Kristopher Kalkowski, Esq.<br>KAEMPFER CROWELL<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br>*Attorneys for LVMPD* | Noel Eidsmore, Esq.<br>Daniell Holt, Esq.<br>Office of the City Attorney for<br>CITY OF NORTH LAS VEGAS<br>2250 Las Vegas Blvd. North, Suite 810<br>North Las Vegas, NV 89030<br>*Attorneys for Defendant City of North Las Vegas and its Doe Officers* |

　　　　　　　　　　　　　　　　　　/s/ Teresa Regalado
　　　　　　　　　　　　　　　　　　An employee of Benson Allred Injury Law