**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| GREG SMITH, | Case No.: 2:25-cv-00525-APG-DJA |
| Plaintiff | **Order Granting LVMPD's and CNLV's Motions To Dismiss** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | [ECF Nos. 25, 26] |
| Defendants | |

Greg Smith sues Las Vegas Metropolitan Police Department (LVMPD), the City of North Las Vegas (CNLV), and eleven of its employees for claims arising from his arrest, detention, and hospital stay in 2023. He brings Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983, and negligence claims against the individual officers. He also brings *Monell*[1] claims against LVMPD and CNLV. Smith amended his complaint twice, and LVMPD now moves to dismiss the *Monell* claim against it. CNLV joins LVMPD's motion and also moves to dismiss the *Monell* claim against it.

Smith alleges that he was taken into custody and transported to a correctional center run by CNLV. ECF No. 20 at 3. After he was detained, Smith noticed a wound on his ankle. *Id.* Beyond an initial screening, he did not receive medical attention from CNLV officers for his ankle wound. *Id.* at 4. Smith alleges that the holding cell had "water, sewage, filth, and stagnant water over the floor" that he had to walk through to get water, use the sink, and go to the bathroom. *Id.* On the third day of detention, Smith was moved to Clark County Detention Center, where he was screened by medical staff and moved to University Medical Center to

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

receive treatment for his ankle wound. *Id.*  At the hospital, he was diagnosed with sepsis and was admitted. *Id.*  Over the course of a seven-day hospital stay, Smith alleges that nine LVMPD officers intentionally handcuffed him too tightly, despite LVMPD policy to the contrary, and that they refused to loosen the handcuffs when asked. *Id.* at 4-5, 11.  Smith alleges that the tight handcuffing resulted in nerve damage to his right hand and wrist. *Id.* at 5.

I grant LVMPD's and CNLV's motions to dismiss because Smith fails to plead specific facts showing the alleged constitutional deprivations were part of a longstanding pattern, he does not plausibly plead facts to show that the defendants were deliberately indifferent to his rights in training their officers, and he fails to identify a final policymaker or any of their specific actions that ratified the officers' behavior.

## I.    MOTION TO DISMISS

In considering a motion to dismiss, I take all well-pleaded "allegations of material fact as true and construe them in a light most favorable to the non-moving party." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quotation omitted).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* (simplified).

There is no respondeat superior liability for government entities under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To establish municipal liability under *Monell*, a plaintiff "must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989)). A plaintiff can establish a policy, practice, or procedure for a *Monell* claim by demonstrating that a municipality had "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).

I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). I may deny leave to amend on the sole basis that the "proffered amendments would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**A. LVMPD is not liable under *Monell*.**

LVMPD argues that Smith does not plausibly allege municipal liability because he made only conclusory allegations that do not show that its policies, customs, or practices motivated a constitutional violation. Smith responds that he makes specific allegations regarding LVMPD's

3

de facto policies, failure to train, and ratification in handcuffing him too tightly.  I grant LVMPD's motion and dismiss Smith's claim without prejudice.

1.  <u>Smith does not plausibly allege a pervasive de facto policy or custom.</u>

To adequately allege a de facto policy, a plaintiff must allege facts sufficient to show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  "The custom must be so 'persistent and widespread' that it constitutes a permanent and well settled city policy." *Id.* (quoting *Monell*, 436 U.S. at 691).  Liability "may not be predicated on isolated or sporadic incidents," rather "it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

LVMPD argues that Smith relies on conclusory statements.  It argues that Smith does not plausibly allege facts showing that a de facto policy was in place at the time of the incident, such as prior incidents of unconstitutional handcuffing.  Smith responds that LVMPD had a de facto policy of using handcuffs as a means of punishment, referencing his experience with nine officers over seven days while in the hospital.  Smith cites *Harris v. City of Henderson*, an unpublished decision which denied a motion to dismiss where the plaintiff alleged that "LVMPD maintained de facto policies[] and organizational customs and cultures to handcuff . . . citizens . . . and to give street justice to individuals whom LVMPD officers believed had disrespected their authority." No. 2:15-cv-00337-GMN-PAL, 2015 WL 7573194, at *3-4 (D. Nev. Nov. 24, 2015) (simplified).  *Harris* is not binding precedent and I disagree with its holding.

Smith fails to state a colorable *Monell* claim because he does not plead facts to plausibly allege other instances of unconstitutional handcuffing.  He does not support his contention that "Nevada cases repeatedly evidence a history of Defendant LVMPD improperly using handcuffs

that injure citizens" by citation to case law. ECF No. 20 at 12.  Smith does not identify facts showing a longstanding pattern so prevalent as to establish a tradition.  He does not identify past incidents of the same nature, incidents with other officers in the department, or facts demonstrating that LVMPD had a longstanding de facto policy that informed the officers' alleged malfeasance.  Therefore, I grant this part of LVMPD's motion, I dismiss without prejudice Smith's claim based on a de facto policy, and I grant him leave to amend this claim if he can properly do so.[2]

2.  <u>Smith does not plausibly allege a failure to train, supervise, or discipline.</u>

In demonstrating a failure to train sufficient to establish a "policy or custom" under *Monell*, the plaintiff must plead that the municipality showed "deliberate indifference to the rights of persons with whom the police come into contact." *Canton*, 489 U.S. at 388.  In considering claims based on a failure to train municipal employees, "a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (quotation omitted).  Alternatively, a failure to train claim may succeed if the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that the city can be said to "deliberately indifferent." *Canton*, 489 U.S. at 390.

---

[2] LVMPD argues that I should dismiss Smith's claim with prejudice and without leave to amend. It argues that Smith has filed multiple amended complaints and still failed to sufficiently plead a claim so further amendment would be futile.  Despite the prior amended complaints, Smith may be able to allege facts supporting his *Monell* claim, and LVMPD does not argue that it would be prejudiced. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  Therefore, I grant Smith leave to amend.

Smith alleges that it is the "policy, practice, and custom" of the LVMPD to "negligently hire, train and supervise its officers." ECF No. 20 at 12.  That conclusory allegation is insufficient.  Smith pleads no specific facts regarding LVMPD training, nor does he show a pattern of misconduct by officers that demonstrates deliberate indifference on the part of LVMPD.  Further, he does not plead facts to show a deficiency in training that is so obvious or likely to result in constitutional violations that LVMPD could be deemed deliberately indifferent.  Therefore, I grant this part of LVMPD's motion, I dismiss without prejudice Smith's claim based on failure to train, hire, and supervise, and I grant him leave to amend this claim.

        3.   <u>Smith does not plausibly allege ratification by a final policymaker.</u>

A plaintiff can establish liability based on ratification if he can "prove that an official with final policy-making authority ratified a subordinate's decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  "There must, however, be evidence of a conscious, affirmative choice." *Id.* at 1347.  There must be evidence of "a deliberate choice to follow a course of action . . . among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (quotation omitted).  "Nevada law designates the Sheriff of Clark County as the final policy-making authority" for LVMPD.  *Hill v. Las Vegas Metro. Police Dep't*, 197 F. Supp. 3d 1226, 1234 (D. Nev. 2016).

LVMPD argues that Smith fails to allege any actions taken by the Clark County Sheriff that ratified the officers' conduct.  Smith responds that LVMPD "directed, encouraged, allowed, and/or ratified" the officers' acts and "failed to conduct a prompt and thorough investigation." ECF No. 20 at 10.  Again, Smith fails to allege specific facts that the Sheriff made a conscious, affirmative choice to ratify the officers' conduct.  He also does not identify facts regarding the

allegedly deficient investigation sufficient to demonstrate ratification by a policymaker. Therefore, I grant this part of LVMPD's motion, I dismiss without prejudice Smith's claim based on ratification, and I grant him leave to amend this claim.

**B. CNLV is not liable under *Monell*.**

CNLV joins LVMPD's motion to dismiss as to Smith's *Monell* claim and argues that he does not plausibly allege municipal liability because he makes only sweeping allegations that do not show that its policies, customs, or practices motivated a constitutional violation. Smith responds that he makes specific allegations about CNLV's de facto policies, failure to train, and ratification in failing to provide medical care and sanitary conditions. As with the claim against LVMPD, Smith fails to state a colorable *Monell* claim against CNLV, so I dismiss it without prejudice.

1. <u>Smith does not plausibly allege a pervasive de facto policy or custom.</u>

As set forth above, to allege an actionable de facto policy, a plaintiff must show a longstanding practice or custom so "persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino*, 99 F.3d at 918 (quotation omitted). The plaintiff's allegations "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

CNLV argues that Smith does not provide any specific facts to demonstrate the existence of a policy, practice, custom, or scheme motivating the medical inattention or cell conditions. Smith claims that it was a de facto policy of CNLV to "delay and provide minimal care that fails to adequately address one's medical needs." ECF No. 20 at 13. He supports this claim with allegations about his medical neglect and cell conditions. As with his claim against LVMPD, Smith does not allege other instances of similar misconduct, nor does he provide facts supporting

that it was a permanent and well-settled city policy to not provide medical care or sanitary conditions.  Therefore, I grant this part of CNLV's motion, I dismiss without prejudice Smith's claim based on a de facto policy, and I grant him leave to amend this claim.

   2.   Smith does not plausibly allege a failure to train, supervise, or negligently hire.

CNLV argues that Smith does not allege facts to establish that it failed to train its employees in a manner that "amounts to deliberate indifference . . . and that the need for more or different training is so obvious it constitutes deliberate indifference." ECF No. 26 at 4.  Smith alleges that CNLV failed to train officers "to adequately recognize and adequately respond to serious medical needs, including infections." ECF No. 20 at 13.  As with his claim against the LVMPD, Smith does not plausibly allege facts to establish a pattern of similar constitutional violations or facts showing that a "need for more or different training is so obvious." *Canton*, 489 U.S. at 390.  Therefore, I grant this part of CNLV's motion, I dismiss without prejudice Smith's claim based on failure to train, and I grant him leave to amend this claim.

   3.   Smith does not plausibly allege ratification by a final policymaker.

A municipality may be subject to *Monell* liability if the plaintiff can "prove that an official with final policy-making authority ratified a subordinate's decision or action and the basis for it." *Gillette*, 979 F.2d at 1346-47.  Ratification requires evidence that there was a "conscious, affirmative choice" from that final policy maker. *Id.* at 1347.

CNLV argues that the officers named in this case are not officials with final policy-making authority who could have ratified any decisions on behalf of CNLV.  Therefore, it contends that the officers' actions cannot be relied on to establish *Monell* liability.  Smith alleges that CNLV has a practice of tolerating and ratifying the officers' actions.  But Smith does not identify a final policymaker or offer facts supporting his claim that a final policymaker made a

"conscious, affirmative choice" to ratify the officers alleged misconduct. *Gillette*, 979 F.2d at 1347. He claims that the city "failed to conduct a prompt and thorough investigation," but he does not identify who conducted that allegedly deficient investigation, nor does he identify any failures, practices, or the outcome of that investigation. ECF No. 20 at 13. Therefore, I grant this part of CNLV's motion, I dismiss without prejudice Smith's claim based on ratification, and I grant him leave to amend this claim.

## II.    CONCLUSION

I THEREFORE ORDER that the defendants' motions to dismiss **(ECF Nos. 25, 26) are GRANTED**. Smith's *Monell* claims are dismissed without prejudice.

I FURTHER ORDER that Smith may file a third amended complaint to assert *Monell* claims by August 10, 2026, if sufficient facts exist to plausibly allege such claims.

DATED this 9th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE